```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                    DALLAS DIVISION
```

CAMERON DEE SEWELL, et al.,      §
                                 §
               Plaintiffs,       §
                                 § Civil Action No. 3:09-CV-1575-D
VS.                              §
                                 §
MILLENNIUM STATE BANK OF         §
TEXAS, et al.,                   §
                                 §
               Defendants.       §

MEMORANDUM OPINION
AND ORDER

The question presented is whether this action must be stayed pending the exhaustion of administrative remedies mandated under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), Pub. L. No. 101-73, 103 Stat. 183 (codified in scattered sections of 12 U.S.C.). The court concludes that the action must be stayed.

I

Plaintiffs are investors who purchased stock of Millennium State Bank of Texas ("MSB"). They sued MSB and the other defendants[1] in Texas state court, alleging that they were provided information that was incorrect and incomplete and that misstated the value of the shares they purchased and MSB's financial

---

[1] The other defendants include SAMCO Capital Markets, Inc. ("SAMCO"), Payne Smith Jones & Baggett, P.C. ("Payne Smith"), and individuals who were MSB directors. Plaintiffs allege that, in addition to misinformation provided by MSB, they relied on a fairness opinion issued by SAMCO and accounting information provided by Payne Smith.

condition.[2] Plaintiffs seek rescission and/or actual and exemplary damages, alleging violations of Texas securities laws, fraud, breach of contract, breach of fiduciary duty, deceptive trade practices, and other related claims. Intervenors Pletcher, Ltd. and Barbara King Pletcher, in her capacity as trustee of the D'Ann Pletcher Trust, Stephen Pletcher Trust, and Melinda Pletcher Trust intervened in the lawsuit, joining in plaintiffs' claims as similarly-situated stockholders of MSB. Intervenors sued all defendants except MSB.

Thereafter, the Banking Commissioner of Texas closed MSB and appointed the Federal Deposit Insurance Corporation as the Bank's receiver and liquidating agent ("FDIC-R"). FDIC-R, in turn, removed the case to this court. FDIC-R now seeks a stay pending administrative review of plaintiffs' and intervenors' claims.

II

FDIC-R maintains that this lawsuit must be stayed so that plaintiffs' and intervenors' claims can be exhausted under the administrative claim procedure of FIRREA, 12 U.S.C. § 1821(d)(3)-(13). "FIRREA seeks the efficient and expedient handling of claims . . . . Congress intended to establish a scheme for fairly adjudicating claims against failed financial institutions." *Whatley v. RTC*, 32 F.3d 905, 909-10 (5th Cir. 1994). "Upon receipt

---

[2]The court relies on the fourth amended original petition filed in state court.

of a request by any conservator or receiver pursuant to subparagraph (A) for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the court shall grant such stay *as to all parties*." 12 U.S.C. § 1821(d)(12)(B) (emphasis added). The stay is mandatory. *See Meliezer v. RTC*, 952 F.2d 879, 882 (5th Cir. 1992) ("Although FIRREA does not explicitly mandate exhaustion of administrative remedies before judicial intervention, the language of the statute and indicated congressional intent make clear such is required.").

The administrative claim procedure is provided for all claims asserted against the assets of a failed bank. *See Carney v. RTC*, 19 F.3d 950, 955 (5th Cir. 1994) (per curiam) ("We note initially that FIRREA makes participation in the administrative claim review process mandatory, regardless of whether the claims were filed before or after the [receiver] was appointed receiver of the failed institution."). "[A]ny claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver . . . or any claim relating to any act or omission of such institution" is subject to FIRREA. 12 U.S.C. § 1821(d)(13)(D).

III

Plaintiffs and intervenors contend on several grounds that the case should not be stayed. They maintain, *inter alia*, that FDIC-R waived its right to a stay by writing a letter to MSB's stockholders that stated that "[t]he FDIC does not require stockholders to file a claim with the Receiver." Ps. App. 4. They contend that FDIC-R waived the right to a stay based on its plea in intervention and its notice of removal, because in both pleadings it stated that its intervention and removal, respectively, would not delay the litigation. Intervenors also contend they "have not asserted any claims against the FDIC-R or its predecessor, the bank." Intervenors Br. 2.

The court holds that FDIC-R is entitled to a stay. This lawsuit is subject to FIRREA because it is an action against MSB, and plaintiffs and intervenors seek payment in part from MSB's assets. The law is well established that a stay is mandatory for any claim subject to FIRREA, if the receiver requests one.

The court has not located, nor have plaintiffs and intervenors cited, any case in which the FDIC has been deemed to have waived its right to request a stay, particularly through actions similar to those on which plaintiffs and intervenors rely. The letter to MSB's stockholders does not indicate an intent to waive the statutory right to a stay. The quoted statement, when considered in context, clearly relates generally to making distributions of

remaining assets to all of MSB's stockholders after all other creditors have been repaid. It does not relate to litigation, and certainly does not indicate that any already-pending actions[3] against MSB will not be stayed.

Similarly, FDIC-R's representations in court pleadings that it did not intend to delay the litigation do not amount to a waiver of the right to request a stay. Moreover, a stay that enables parties to exhaust the administrative process established by FIRREA may expedite the resolution of claims.

Intervenors' argument that they are not subject to the mandatory stay because they did not name MSB as a party lacks merit. The mandatory stay applies to all claims against the bank *and any related third party claims*. *See Glover v. Wa. Mut. Bank, F.A.*, 2009 WL 798832, at *7 (W.D. Pa. Mar. 20, 2009). Additionally, FIRREA explicitly provides that the stay is "required . . . as to all parties." 12 U.S.C. § 1821(d)(12)(B). FIRREA was enacted to efficiently resolve claims that involved failed banks, as the claims in this action do, and refusing to grant a stay as to intervenors' claims "would largely 'defeat FIRREA's purpose of allowing the agency to evaluate claims in a streamlined administrative procedure.'" *Glover*, 2009 WL 798832, at *7 (quoting *Gumowitz v. First Fed. Sav. & Loan Ass'n of Roanoke*, 1991 WL 84630,

---

[3]The letter was sent in July 2009, after this lawsuit was filed.

at *2 (S.D.N.Y. May 17, 1991) (staying action as to all defendants because "failure to extend the stay to all parties would necessarily force the [receiver] to participate in this action in order to protect its interests.")).

\*   \*   \*

FDIC-R's September 16, 2009 motion to stay pending exhaustion of administrative remedies is granted.  The court stays this case until the earlier of when FDIC-R disallows the claims or until the 180-day administrative review period has expired.  During the pendency of the stay, the clerk of court is directed to close this case administratively for statistical purposes.

**SO ORDERED.**

December 10, 2009.

                               _____
                               SIDNEY A. FITZWATER
                               CHIEF JUDGE